1

2

3

4

5

6

7

8                      UNITED STATES DISTRICT COURT

9                      EASTERN DISTRICT OF CALIFORNIA

10

11    UNITED STATES OF AMERICA,                    Case No.  1:20-cr-00045-JLT-SKO

12              Plaintiff,                          ORDER DENYING DEFENDANT'S MOTION
                                                    COMPASSIONATE RELEASE
13         v.                                       (Doc. 80)

14    HEATHER STANLEY,

15              Defendant.

16

17         Heather Stanley, a former attorney, was convicted of tax evasion after stealing millions of

18    dollars from her clients. The Court imposed a sentence of 15 months of incarceration rather than the

19    30-month Guideline sentence recommended by probation (Doc. 62-1) and the government (Doc. 65)

20    based largely on her significant medical conditions. The Court also granted Ms. Stanley voluntary

21    surrender.[1]  Now that the date for her surrender is imminent, Ms. Stanley seeks to have the Court, in

22    essence, reconsider its judgment. For the reasons discussed below, the motion is **DENIED**.

23                              **I. RELEVANT BACKGROUND**

24         As noted above, the Court granted Ms. Stanley voluntary surrender. (Doc. 74) She is obligated

25    to report to the facility designated by the Bureau of Prisons no later than January 31, 2025. (Doc. 79).

26    On December 24, 2024, Ms. Stanley filed a motion seeking compassionate release. (Doc. 80) She

27

28

---
[1] The parties stipulated to extend the surrender date (Doc. 78).

1

1   argues that her various medical conditions should justify the Court taking the action she seeks. *Id*.

2   The government opposes the motion and notes that because she has not yet entered the custody of the

3   BOP, she is ineligible for compassionate release and Ms. Stanley's motion. (Doc. 81)

## II. ANALYSIS

### A.   Ms. Stanley is not eligible for compassionate release

6   A court generally "may not modify a term of imprisonment once it has been imposed." 18

7   U.S.C. § 3582(c); *see also Dillon v. United States*, 560 U.S. 817, 824 (2010) ("'[A] judgment of

8   conviction that includes [a sentence of imprisonment] constitutes a final judgment' and may not be

9   modified by a district court except in limited circumstances."). Those limited circumstances include

10  compassionate release in extraordinary cases. *See United States v. Holden*, 452 F. Supp. 3d 964, 968

11  (D. Or. 2020). Under the First Step Act of 2018, imprisoned defendants may bring their own

12  motions for compassionate release in the district court. 18 U.S.C. § 3582(c)(1)(A). A defendant

13  bears the burden of "establish[ing] his eligibility for compassionate release." *United States v.*

14  *Wright*, 46 F.4th 938, 951 (9th Cir. 2022).

15  Even still, the defendant must have entered the BOP's custody before she is eligible for

16  consideration for compassionate release, as noted by the government. In *United States v. Fower*, 30

17  F.4th 823, 826 (9th Cir. 2022), the Court held that a court's authority to reduce the unserved a term

18  of imprisonment, "presupposes that a defendant would be in custody before the unserved portion of

19  his term can be reduced." *Id*. at 826. The Court continued, "Plausibly, a defendant's unserved portion

20  can only be reduced if his term of incarceration has commenced." *Id*.

21  Likewise, a court cannot convert a term of incarceration into a term of home confinement

22  because, "Although the compassionate release statute, 18 U.S.C. § 3582(c)(1)(A), allows a court to

23  reduce a defendant's term of imprisonment, it does not authorize a judge to alter the location of a

24  prisoner's confinement, a matter committed to the discretion of the Bureau of Prisons. *United States*

25  *v. Ceballos*, 671 F.3d 852, 855 (9th Cir. 2011) (per curiam) ("While a [district court] judge has wide

26  discretion in determining the length and type of sentence, the court has no jurisdiction to select the

27  place where the sentence will be served. Authority to determine place of confinement ... is delegated

28  to the Bureau of Prisons.") (quoting *United States v. Dragna*, 746 F.2d 457, 458 (9th Cir. 1984) (per

1     curiam) (alteration in original)).” *Fower* at 826.

2 **B.**     **Ms. Stanley has not demonstrated extraordinary and compelling reasons why the relief**

3 **should be granted**

4      Even had Ms. Stanley demonstrated her eligibility for compassionate release, the Court would

5 not find that there are extraordinary and compelling reasons to justify the relief sought. The Court

6 recognizes the authority under U.S.S.G. 1B1.13(b)(1) that certain medical conditions may warrant

7 compassionate release and recognizes that Ms. Stanley has many serious medical conditions.

8 However, the Court considered all of the medical conditions from which she suffered at the time it

9 sentenced her. As pointed out by the government, and conceded by Ms. Stanley, her new conditions,

10 likewise do not warrant the relief sought. Though there is concern for her breast condition, she does

11 not have breast cancer as originally represented and there is no showing that her meniscus/ACL tear

12 is such that the BOP cannot properly treat her. Though she will not receive the medical treatment of

13 her choosing—such as treatment at John’s Hopkins—her inability to receive treatment at this elite

14 facility does not constitute either an extraordinary or a compelling reason why she should be relieved

15 of her obligations under the Court’s judgment. Indeed, most people cannot afford such treatment.

16 Medical conditions that the BOP can manage, even if there is higher quality care available elsewhere,

17 does not justify release from incarceration. If it did, the compassionate release doctrine would create

18 a special class of inmates for whom release would be warranted: the rich and those who have high

19 quality medical insurance. The Court refuses to accept that this is the law.[2]

20      In sum, Ms. Stanley has failed to establish that her medical circumstances qualify for relief

21 _____

[2] *United States v. Ayon-Nunez*, 2020 WL 704785, at \*2-3 (E.D. Cal. Feb. 12, 2020) ([C]hronic conditions “that
22 can be managed in prison are not a sufficient basis for compassionate release,” and if defendant receives
sufficient medical care while in prison, then his health issues do not present an “extraordinary” or “compelling”
23 reason to grant compassionate release); *United States v. Esparza*, 2024 WL 216558, at \*2 (E.D. Cal. Jan. 19,
2024) (denying compassionate release where defendant presented stage 4 kidney disease, diabetes, high
24 cholesterol, and high blood pressure that were being monitored and treated by the BOP); *United States v.
George*, 2022 WL 17812892, at \*3 (E.D. Cal. Dec. 19, 2022) (finding that a diagnoses for chronic conditions
25 that were being monitored and treated did not establish extraordinary and compelling reasons for compassionate
release); *United States v. Aguilar-Cortez*,  2022 WL 118407, at \*1 (E.D. Cal. Jan. 12, 2022) (denying
26 compassionate release of defendant suffering from chronic conditions based in part on BOP’s ability to treat his
medical conditions); *United States v. McCarns*, 2022 WL 16551701, at \*3-4 (E.D. Cal. Oct. 31, 2022) (denying
27 compassionate release where defendant with stage 3 chronic kidney disease was fully vaccinated against
COVID-19).

28

pursuant to 18 U.S.C. § 3582(c)(1)(A).  Compassionate release was intended to provide a "safety valve" in situations where a defendant's circumstances had changed such that the length of continued incarceration no longer remained equitable.  *United States v. Chen*, 48 F.4th 1092, 1098-99 (9th Cir. 2022).  Ms. Stanley has not established the equities weigh in favor of her requested relief. Though it gives the Court no pleasure to require her to report to the BOP as previously ordered, it must do so.

### III. CONCLUSION

For the reasons discussed above, the Court **ORDERS**:

1.      Ms. Stanley's Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A), (Doc. 80), is **DENIED**.

2.      As ordered previously (Doc. 75 at 2, Doc. 79), Ms. Stanley **SHALL** report to the facility designated by the BOP no later than noon on January 31, 2025, or if no such institution has been designated, then to the United States Marshal in Fresno, California.

IT IS SO ORDERED.

Dated:   **January 21, 2025**

UNITED STATES DISTRICT JUDGE

4